UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-20846-JLK

ANNA VEGA,

    Plaintiff,

v.

VIRTUAL IMAGING SERVICES, INC.,
and DIANA PUIG, individually,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM WITH PREJUDICE

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Amended Counterclaim with Prejudice (D.E. 49) filed on March 26, 2014. Defendants filed a Response on April 18, 2014 (D.E. 52), and Plaintiff filed a Reply on April 29, 2014 (D.E. 53). The Court is fully briefed on the matter. Upon review of the record and careful consideration, the Court finds that the Motion should be granted.

## BACKGROUND

Plaintiff filed the Complaint on March 8, 2013 (D.E. 1) and seeks to recover money damages for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). Defendants filed their Second Amended Answer, Affirmative

Defenses, and Counterclaim on March 13, 2014 (D.E. 48). They largely deny the allegations contained in the Complaint, raise twenty-six Affirmative Defenses, and bring a Counterclaim against the Plaintiff.

The Counterclaim asserts two counts. Count I is for Breach of Contract, and Count II is for Unjust Enrichment/Implied in Law Contract. Both counts stem from a "loan" made to the Plaintiff by the Defendants for improved work performance. Plaintiff argues that the Counterclaim fails to state a cause of action as a matter of law.

## **LEGAL STANDARD**

The power of federal courts to hear supplemental claims is governed by 28 U.S.C. § 1367, which states,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, [the courts] look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir.1994)).

There are two kinds of counterclaims: compulsory and permissive. A compulsory counterclaim is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and…does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Compulsory

2

counterclaims do not require an independent basis for jurisdiction and can be heard through supplemental jurisdiction. *Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979). A permissive counterclaim is any counterclaim that is not compulsory. Fed. R. Civ. P. 13(b). Permissive counterclaims must have an independent basis for there to be federal jurisdiction. *Plant*, 598 F.2d at 1359-60.

In order to determine whether a counterclaim is compulsory or permissive, a "logical relationship" must exist between the federal and state law claims. *Republic Health Corp. v. Lifemark Hosps. of Fla,, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). A logical relationship exists when "'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* (quoting *Plant*, 598 F.2d at 1361).

## ANALYSIS

After failing to state a cause of action as part of Defendants' initial counterclaim, Defendants were given leave to file an amended counterclaim. Upon filing an amended counterclaim, Defendants, yet again, failed to state a cause of action upon which relief can be granted and Plaintiff failed to raise an objection to the Court's exercise of jurisdiction over Defendant's Counterclaim.

This Court finds that the Counterclaim is not part of the "same case or controversy under Article III" as required by 28 U.S.C. § 1367(a). A logical relationship does not exist between Plaintiff's FLSA claim and the counts contained in the Defendants' counterclaim to constitute a compulsory counterclaim. Defendants' Counterclaim is a permissive counterclaim, which lacks an independent basis for subject matter jurisdiction.

3

The Counterclaim does not present a federal question and instead, is based entirely on state law. Further, Defendants do not allege that there is diversity of citizenship between the parties.

The counts in the Counterclaim are insufficiently connected to the issues in this case. Plaintiff's alleged failure to pay back a loan is not adequately connected to the Plaintiff and Defendants' employment relationship. Whether or not Plaintiff failed to pay back the loan is irrelevant to Defendants' duty to pay the Plaintiff overtime, if it were so required.

In addition, the facts needed to prove the allegations of a FLSA claim are different from those needed to prove that there has been a breach of contract or unjust enrichment. Plaintiff will likely present facts and evidence relating to Plaintiff's position as Defendants' employee, what compensation she received, and hours she worked in support of her FLSA claim. Defendants will likely present facts and evidence relating to the existence of a contract and the breach thereof in support of their claim. The claims' only similarity is that they involve the same parties; however, such an overlap is not persuasive in finding that a logical relationship exists and granting supplemental jurisdiction.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion to Dismiss Amended Counterclaim with Prejudice (**D.E. 49**), be, and the same is hereby, **GRANTED**. The **Counterclaim** is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, in Miami, Florida this 22nd day of May, 2014.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT of FLORIDA